THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. GEORGE HAGER, Plaintiff in Error.

*Opinion filed April 19, 1911.*

1. CRIMINAL LAW—*it is the province of the jury to determine the credibility of witnesses.* It is the special province of the jury to determine the credibility of witnesses in a criminal case, and a court of review will not interfere with the verdict, as not being sustained by the proof, unless it is clearly wrong.

2. SAME—*when alleged newly discovered evidence not ground for new trial.* Alleged newly discovered evidence which is merely cumulative and impeaching, or which relates to matters of which the defendant must have had knowledge before the trial but about which he then said nothing, is not ground for new trial.

3. APPEALS AND ERRORS—*abstract should show rulings and exception concerning matters complained of.* If error is assigned on the admission and rejection of evidence, the abstract of record should show rulings of the court and objections and exceptions concerning the evidence complained of.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

STEIN & WULFF, and ELDON J. FISHER, for plaintiff in error.

W. H. STEAD, Attorney General, F. J. TECKLENBERG, State's Attorney, and FRED H. HAND, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Willard Colclasure had $640 stolen from him, and George Hager, the plaintiff in error, was convicted of the larceny. He insists that his conviction is not sustained by the evidence.

Hager kept a saloon in East St. Louis and Colclasure was a farmer in Clay county. Colclasure went to East St. Louis to visit his sister and on the morning after his arrival visited Hager's saloon, where he remained for sev-

eral hours, playing pool with various persons, nearly all of whom were strangers to him, and drinking whisky until he was very drunk and practically helpless. He had a roll of bills containing $640 which he drew out and flourished frequently while he could scarcely stand at the table and play. Other drunken men were in the room, and he was advised by the plaintiff in error and others to give his money to Hager for safe keeping or deposit it in a bank, but he insisted that he had a revolver and could take care of himself and his money. Finally he became so drunk that Hager got him into a chair behind the bar, where he slept for two hours. Hager took the money from his pocket and put it beside the cash register. Later in the afternoon when he waked up he went to the toilet room and vomited and afterwards left the saloon.

The foregoing facts are undisputed. Hager admits that he took Colclasure's money, but claims that it was only for the latter's protection and that he returned it when Colclasure waked up. Colclasure denies this, and says that when he asked for his money Hager denied that he had ever taken it and threatened to shoot whoever said that he had. Hager is corroborated by the testimony of George Stromberger, who testified that he spent nearly all day in the saloon and saw the money both taken and returned. Though Hager was arrested the next day, Stromberger, who claimed he had been present all day throughout the whole transaction, was not a witness at the preliminary examination, and Hager, who testified, did not then claim that he had taken the money into his possession, but denied that he had had anything to do with it or had ever had the money. The jury believed Colclasure and did not believe Hager and Stromberger. This was their special province. They had the opportunity, which we do not possess, of hearing and seeing these as well as the other witnesses. The credibility of witnesses is for the determination of the jury, and the

court will not interfere with the conclusion reached unless clearly wrong. "It is only when the court is able to say, from a careful consideration of the whole of the testimony, that there is clearly a reasonable and well founded doubt of the guilt of the accused, that it will interfere on the ground the evidence does not sustain the verdict." (*Gainey* v. *People,* 97 Ill. 270; *Steffy* v. *People,* 130 id. 98.) We are satisfied that the verdict is in accordance with the evidence.

Error has been assigned upon the admission and rejection of evidence, but the abstract does not show that any ruling of the court was made in that regard or any objection made or exception preserved in any instance which has been referred to in the brief and argument of the plaintiff in error.

Newly discovered evidence was assigned as one reason for a new trial. Much of the evidence shown was merely cumulative and impeaching. Some of the affidavits refer to the acts of a stranger wearing a white hat, who made an attack upon Colclasure while he sat sleeping behind the bar and attempted to rob him but was prevented by Hager, and who afterwards was observed with his hands in Colclasure's pockets while the latter was in the toilet room. Hager must have known of this attempt and of these witnesses before the former trial, if these affidavits, of which his own is one, are true, yet this stranger in the white hat was never mentioned by him until after the trial. These affidavits only serve to confirm the belief that the jury gave to the testimony of the plaintiff in error on the trial all the weight it was entitled to. They showed no reason for granting a new trial.

We find no error in the record.

·  *Judgment affirmed.*