(.No. 36794.—

The People of the State of Illinois, Defendant in Error, *vs.* Donald Douglas Robinson, Plaintiff in Error.

*Opinion filed March 22, 1963.*

GEORGE E. GINOS, of Hillsboro, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield and OTTO E. FUNK, State's Attorney, of Hillsboro, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Donald Douglas Robinson, was indicted April 8, 1960, by the Montgomery County grand jury for burglary and larceny, under the name of Donald Douglas Robinson, alias Donald D. Robinson, alias Donald Robinson, alias Don Anderson. On April 13, 1960, defendant appeared in court without counsel, stating he had no attorney and was unable to hire one; the court appointed an attorney of the Mongomery County bar to defend him and the case was continued for arraignment. On April 20, 1960, defendant was arraigned, attended by his court-appointed counsel, and was furnished with a copy of the indictment, lists of witnesses and list of petit jurors, and was fully advised of the charges and possible penalties in the event of conviction. Defendant pleaded not guilty and the case was set for trial by jury on June 27, 1960. On June 22, 1960, the defendant through his court-appointed counsel moved the court for a continuance of the case for

trial, and without objection by the People, the motion was allowed. On October 14, 1960, the defendant appeared in open court in the presence of the State's Attorney and the court-appointed counsel, and defendant requested that his court-appointed counsel be discharged. The court found that the attorney had worked diligently on the defense of the case; that the defendant had no justifiable cause to discharge said attorney but that the defendant's request would be granted, and the court-appointed attorney discharged. The order allowed defendant to employ counsel of his own choosing but stated that no further appointment of defense counsel would be made by the court and the case was set for trial on October 19, 1960, "which setting was made June 22, 1960". On October 19, 1960, defendant appeared without counsel and the case was tried with the defendant conducting his own defense. The jury found the defendant guilty of burglary and larceny as charged in the indictment, found his age to be 30 years, and he was sentenced to not less than 5 years nor more than 15 years imprisonment.

Thereafter, defendant filed his petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1959, chap. 38, pars. 826 *et seq.*) and on·May 18, 1961, after hearing on the petition and answer, the petition was denied. This case comes to us on writ of error to review the conviction.

Defendant assigns as error, first, the giving of a certain instruction prepared by the court; second, the improper introduction of the record of a former conviction; third, that he was denied a fair and impartial trial and convicted without due process of law because of the court's failure to grant him sufficient time to obtain counsel and prepare for his defense; and, lastly, the court's refusal to grant a continuance to permit defendant to locate and subpoena witnesses in his behalf.

The instruction complained of was prepared by the court and designated as defendant's instruction No. 1. No other instructions are abstracted as required by our previous

interpretations of Rule 38 of this court (Ill. Rev. Stat. 1959, chap. 110, par. 101.38.) We have consistently held where the abstract of record includes only the instruction complained of without regard to the other instructions, both given and refused, that since this court is not bound to search the record itself to supply abstract deficiencies, error cannot be predicated upon the giving, refusal, or modification of that instruction. (*People* v. *Todaro,* 14 Ill.2d 594; *People* v. *Allen,* 17 Ill.2d 55.) We will not inquire whether the trial court erred in this respect. *People* v. *Bybee,* 9 Ill.2d 214, 221, and cases there cited.

Defendant next contends that the introduction of the record of a former conviction was prejudicial error in that the defendant therein was described as Don Anderson, alias Don Robinson, whereas the indictment here is of Donald Douglas Robinson, alias Don Anderson. The abstract of record fails to disclose any objection by the defendant to the admission into evidence of the former conviction. The court was advised by the State's Attorney prior to the defendant taking the stand in his own behalf that he had the record of the prior conviction and intended to introduce it if the defendant testified. It appears that the court advised the defendant about the effect of his testifying and the right of the People to introduce the record of the prior conviction on the issue of credibility, and the defendant still elected to testify. We will adhere to our previous holding in *People* v. *Brosnan,* 361 Ill. 545, where we said (page 547) : "The abstract does not show any objection to the admission of such evidence [of commission of other crimes] nor any motion to exclude the same. Where it is sought to review the rulings of the trial court on the admission or rejection of evidence the abstract must show the objections made thereto together with the court's rulings thereon. (*People* v. *Hager,* 249 Ill. 603; *Gilman* v. *People,* 178 *id.* 19.) The error argued upon the admission of evidence will not be considered."

Defendant next urges he was denied a fair and impartial trial because the court failed to grant him sufficient time to obtain legal counsel and prepare for his defense upon discharge of his court-appointed counsel. There is nothing to indicate that the defendant even attempted to engage the services of other counsel after discharge of court-appointed counsel on October 14. No request for continuance was made by him. There is no requirement that a defendant must be represented by counsel at trial. He has the right to conduct his own case if he chooses. Here, the court appointed competent counsel to conduct the defense, and defendant of his own motion requested the discharge of his court-appointed counsel 5 days before the date set for trial. This was a choice the defendant was free to make. He still had time to employ counsel of his own choosing if he saw fit to do so but did not avail himself of that right even though the order of the court specifically stated no other counsel would be appointed for him. As we said in *People* v. *Mueller,* 2 Ill.2d 311, at pages 316: "Defendant has the right to discharge his attorney, or to substitute attorneys at any time. This right is not so absolute, however, that its exercise may not be denied where it will unduly prejudice the other party or interfere with the administration of justice. To hold otherwise would enable a defendant in a criminal proceeding such as this to delay his trial until he had exhausted his capabilities of acquiring defense counsel and to thus harass and delay effective prosecution of the crime." We believe defendant had the opportunity and a reasonable time in which to prepare his case. It was not error for the court to proceed with the trial with defendant conducting his own defense.

Finally, defendant argues that he should have been granted a continuance to permit him to locate and subpoena witnesses in his behalf. There was no request, formal or informal, for a continuance; no assertion that the absent witnesses were material witnesses; no indication of the

nature of the testimony such witnesses would have given if present or when they might be available; and hence no opportunity on the part of the People to admit that the absent witnesses would have so testified if present, all as provided by statute. Ill. Rev. Stat. 1959, chap. 38, par. 738.

We believe that defendant's present complaint is largely the result of his insistence upon discharging his appointed counsel, who was specifically found by the court to have been diligent, and for whose discharge no justifiable cause existed. Having done so, defendant should not now be rewarded by our relaxing established rules of trial procedure because defendant was not represented by counsel at the trial. No reversible error having been pointed out, the judgment of the circuit court of Montgomery County is affirmed.

*Judgment affirmed.*