(No. 37204.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EARL JONES, Plaintiff in Error.

*Opinion filed November 26, 1963.*

GERALD S. NUSSBAUM, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED

G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Elmer C. Kissane and James R. Thompson, Assistant State's Attorneys, of counsel) for the People.

Mr. Justice House delivered the opinion of the court:

Earl Jones, Donald Frisco, and James Smith were indicted in the criminal court of Cook County, Jones and Frisco being charged with armed robbery and Smith with accessory after the fact to the robbery. Jones was tried separately, a jury found him guilty and the court sentenced him to the penitentiary for a term of 10 to 20 years. A writ of error has been issued to review his conviction.

About 4:00 o'clock in the afternoon of February 5, 1959, Charles Hoffman and Clifton Cunningham left the building owned by Hoffman at 44 North Albany in Chicago and walked to Hoffman's car which was parked in the alley. They had just gotten into the car when a man, later identified as defendant, ran to the car, placed a gun at Cunningham's head, announced a "holdup" and ordered Cunningham out of the car. Frisco ordered Hoffman out of the car, searched him, hit him and took $95 and some keys. The robbers then drove away in Hoffman's car.

At 1:00 o'clock in the morning of March 3, 1959, the police arrested defendant, Frisco, and Smith who were sitting in Hoffman's car which was parked in a bus stop at Madison and Kedzie. The defendant was in the driver's seat, Smith was sitting next to him and Frisco was in the back seat. As the police approached the car, they saw Frisco hiding something, which investigation revealed to be a gun. Later that day Hoffman and Cunningham viewed a group of six men and identified defendant and Frisco as the men who had robbed Hoffman on February 5. The next day defendant and Frisco were interviewed by an assistant State's Attorney. During this interview Frisco admitted the robbery but defendant denied that he had committed the robbery.

Frisco, called by the defense, testified that he and a John Smith, not the defendant, committed the robbery.

The defendant testified that he was in the county jail on February 5, 1959. Later he said that he and Annie Burnette were at a dentist's office at Kedzie and Madison on the afternoon of February· 5. He said he was arrested on February 12, 1959, and that he was in a lineup on February 13 and again on the 14th, at which time Hoffman and Cunningham viewed him, but they failed to identify him.

The clerk of the county jail testified that defendant was not in the county jail on February 5 and the dentist, George Vogt, testified that he had never treated the defendant or Annie Burnette. Lieutenant Mangan of the police department stated that there were no lineups on February 13 or 14 and both Cunningham and Hoffman testified that they did not attend a lineup on either the 13th or 14th of February.

It is first argued that comments by the trial judge deprived defendant of a fair trial. Strenuous complaint is made of a statement by the trial judge during cross-examination of Cunningham on his identification of defendant as one of the robbers. The witness was asked about the clothing worn by the robber, to which the witness replied, "I didn't notice his clothes, I was looking at his face." Before the witness had finished this answer, defense counsel interrupted and started to ask another question. The prosecutor interrupted the defense counsel with an objection that the witness be allowed to finish the answer. The court then said, "Did the jury get the answer? He said he was looking at his face."

It seems clear that the court was not emphasizing the testimony of the witness, as defendant contends, but was merely stating what the jury probably had failed to hear because of the interruption by defense counsel. Furthermore, no objection was made by the defendant to this statement.

Complaint is also made of two cautionary remarks made by the court to the defense attorney for asking leading questions, a cautionary remark about defense counsel stating the prosecutor might be prejudicing the jury and a cautionary remark to him during his closing argument to confine himself to the evidence. The remarks were not of such a nature as to prejudice the defendant in the eyes of the jury nor were any objections made to the remarks.

Defendant also contends that the gun Frisco was trying to hide when he and defendant were arrested should not have been admitted in evidence. The objection raised in the trial court and here is that since the evidence tended to prove it was Frisco's gun it should not be admitted in the case against defendant. The People's evidence shows that defendant and Frisco committed the robbery and there was sufficient evidence to connect the gun with them and with the crime to make it admissible against either of them, although it actually belonged to just one of them. *People* v. *Pittman,* 28 Ill.2d 100.

It is finally argued that the trial court erred in refusing defendant's instruction No. 4 on identification. While the tendered instruction contains considerable detail, we note that the court did instruct the jury that the defendant's identity as the guilty person must be proved beyond a reasonable doubt. Since all of the instructions have not been abstracted we will not further review this alleged error. *People* v. *Robinson,* 27 Ill.2d 289.

The record shows no reasonable doubt of defendant's guilt and he has not argued that there is a reasonable doubt. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*