People of the State of Illinois, Plaintiff-Appellee, v. James Allum, Defendant-Appellant.

Gen. No. 51,109.

First District, Fourth Division.

January 4, 1967.

J. Tobias Dixon, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant, James Allum, was convicted after a jury trial of murder and was sentenced to the penitentiary for not less than twenty nor more than forty years.

### Contentions on Appeal

(1) Defendant was not proven guilty beyond a reasonable doubt;

(2) Defendant did not receive a fair trial because:

 (a) remarks of the prosecutor to the jury were prejudicial;

 (b) the trial judge (in the presence of the jury) improperly commented upon the testimony of a prosecution witness and subsequently threatened defense counsel with contempt;

(c) defendant's request for a recess to study a statement of a prosecution witness was improperly denied and the trial judge refused to call a police officer as a hostile witness;

(d) the trial judge erroneously refused to give certain jury instructions proffered by the defendant and improperly gave one proffered by the prosecution.

## Evidence

According to the evidence adduced by the prosecution the deceased, Mrs. Helwig Soderberg, died of cerebral injuries caused by blows with a fist. The deceased had multiple contusions and lacerations on her head, face, neck and arms and in addition had a fractured nose. The deceased's housecoat, slip and undergarments were ripped; blood and skin scrapings were observed on her fingernails. Officer Robert Casey, who arrived at the decedent's apartment in response to a call, looked through the bedroom window while standing on a ladder after attempting in vain to gain entry to the apartment; he observed the defendant on the bed on top of the deceased (his "common-law wife") performing an act of sexual intercourse. Defendant was wearing a pajama top with a red stain which appeared to be blood. The officer yelled to the defendant: "We're the police. Open the door." In reply the defendant said they should obtain a search warrant and then threatened to shoot the officer. Several officers then broke in the back door and discovered the deceased lying on the bed. Defendant was apprehended shortly thereafter outside the front door of the apartment clad only in a bath towel wrapped around the lower portion of his body. Defendant's face and hands were covered with blood and scratches were observed on his back.

At the trial defendant denied having a fight with the deceased or knowing that she was injured. He testified

that he had returned from a vacation on the day of the occurrence in question and had been drinking most of the day; that he went to bed but was awakened by noise; that he called to the deceased and, receiving no answer, went to shake her; that he then observed the light being shined in the bedroom window and went outside in his shorts where he saw the officer.

### Opinion

██ ██ (1) Defendant predicates his argument that he was not proven guilty of murder beyond a reasonable doubt primarily upon the premise that "the striking of a blow with the fist on the side of the face or head is not likely to be attended with dangerous or fatal consequences and no inference of an intent to kill is warranted from such an act." An intent to kill is inferred from the vicious character of an assault. People v. Winters, 29 Ill2d 74, 193 NE2d 809. According to the evidence in the instant case the deceased died of cerebral injuries, and in addition had contusions and lacerations on her head, face, neck and arms as well as a fractured nose. The assault being so vicious, we find that defendant's intention to kill Mrs. Soderberg was proven.

Defendant also argues that "the criminal agency was not proved beyond a reasonable doubt, the pathologist merely stating that the injuries were caused by cerebral injuries." However, according to the pathologist who testified at the trial, the fatal injuries were caused by blows from a fist.

The evidence in the instant case is sufficient to prove the defendant guilty of murder beyond a reasonable doubt.

██ (2) (a) Defendant next argues that various statements of the prosecutor in the opening statement and in the argument to the jury were prejudicial. However, no objection to the remarks in question was made

during the trial and therefore the issue has been waived. People v. Donald, 29 Ill2d 283, 194 NE2d 227.

██ (b) Defense counsel attempted to impeach the testimony of a prosecution witness by reading from a statement made by the witness at the coroner's inquest. After counsel had read a portion of the statement the prosecution objected on the ground that no impeachment had yet been shown. The objection was overruled. After a further, extensive reading from the statement the prosecution again made an objection and it was sustained, the trial judge stating:

> Counsel, I have given you an ample opportunity to show any substantial deviation. You haven't done it. I suggest you go on with this witness.

No objection was made to the statement of the trial judge nor was it of such a nature as to prejudice the defendant in the eyes of the jury (People v. Jones, 29 Ill2d 306, 194 NE2d 239), and in addition the jury was subsequently instructed that the court expressed no opinion on the credibility of any witness.

██ The trial judge threatened defense counsel with contempt of court only after counsel called a prosecution witness (Officer Casey) as a witness for the defense and persisted in following a line of questioning over sustained objections, of the prosecution and warnings by the trial judge not to repeat questions to which an objection had been sustained. Defense counsel cannot by his own conduct elicit an admonition and then claim error. People v. Smith, 66 Ill App2d 257, 213 NE2d 135.

██ (c) Defense counsel sought to call Officer Casey, a witness for the prosecution, as a hostile witness. However, no hostility was shown and the trial judge in his discretion denied the request. We find that the trial judge did not abuse his discretion. People v. Collins, 25 Ill2d 605, 186 NE2d 30.

■

With regard to defendant's contention that a recess was improperly denied, upon an examination of the record we find that no recess was ever requested.

■ (d) None of the instructions in this case was abstracted by the defendant. It is well settled that error cannot be predicated on refused instructions when all of the pertinent instructions given and refused are not abstracted. People v. Miller, 33 Ill2d 439, 211 NE2d 708.

**Holding on Appeal**

We find that the defendant was proven guilty beyond a reasonable doubt and that he received a fair trial. Therefore the judgment of the trial court is affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.