People of the State of Illinois, Plaintiff-Appellee, v. John William Davidson, Defendant-Appellant.

Gen. No. 66–113.

Second District.

April 17, 1967.

Ernest R. Akemann, Assistant Public Defender, of Elgin, for appellant.

William R. Ketcham, State's Attorney, and W. Ben Morgan, Assistant State's Attorney, both of Elgin, for appellee.

MR. JUSTICE ATTEN delivered the opinion of the court.

The defendant-appellant, John William Davidson, was convicted of the crime of manslaughter for the killing of his wife and sentenced to a term of a minimum of 5 years and a maximum of 15 years in the State Penitentiary. This appeal is from that judgment and sentence. In his appeal appellant alleges four separate errors, which we will consider in the order they appear in appellant's brief.

At the outset, however, we must comment on the representation afforded the defendant in this case. He was represented by the Public Defender and a specially appointed counsel in the trial court and a specially appointed counsel to handle this appeal. We have read the abstract, briefs and arguments which were filed in this case and it was necessary for us to go to the record to determine just what took place at the trial.

The People, in their brief and argument, raised several technical defenses based on the insufficiency of the abstract with reference to its substance and form. If this were a civil case or even perhaps a criminal case where the appellant was represented by counsel of his choice, such technical defenses would be well taken. However, in view of the circumstances in this case, we find that we cannot accept the technical defenses alone as sufficient basis for the affirmation of this judgment. People v. Miller, 33 Ill2d 439, 444, 211 NE2d 708; People v. Robinson, 27 Ill2d 289, 292, 189 NE2d 243.

247

At the trial, defendant's counsel made a valiant effort to frame hypothetical questions for an answer by Doctor Harold Hadley Nelson, a psychiatrist, in an attempt to substantiate his theory of temporary insanity at the time of the commission of the offense. And, after including all of the testimony in the record favorable to the defendant in such questions, Doctor Nelson stated that he did not have sufficient facts upon which to base an opinion on this issue.

After the doctor was excused, the defendant's counsel made an offer of proof based on what purported to be the doctor's conclusion concerning the defendant's sanity, which conclusion was grounded on an interview with the defendant on February 22, 1965, for the purpose of determining the defendant's competency to stand trial. The State's attorney objected to this offer of proof and his objections were sustained. This offer of proof was made without the doctor being present and was an unsubstantiated statement of what counsel said the doctor could testify to. Even this offer of proof did not indicate that the doctor could testify to more than that the defendant had a psychosis which proof falls short of establishing a mental disease or defect with the requirements of section 6–2 of the Criminal Code. (Ill Rev Stats 1965, c 38, par 6–2.)

The defendant also contends the court's rulings in sustaining objections to evidence which he offered relative to past events in his life and the court's rulings on defendant's counsel's offer of proof thereon constituted reversible error.

We have read defendant's testimony and his counsel's offers of proof. If his testimony and offers of proof in conjunction with all the other evidence in the case created a reasonable doubt and overcame the presumption of sanity, it was error for the trial court to exclude such evidence since such facts were relevant and should have been admitted in evidence. However,

248

we do not believe that the excluded testimony, together with the offers of proof, when considered in conjunction with all the evidence in the record, were sufficient to warrant the submission of the issue of temporary insanity to the jury or justify a temporary insanity instruction. Nor do we believe that there was sufficient basis for an opinion by the psychiatrist that defendant, by reason of mental defect or mental disease, lacked the capacity to appreciate or control the criminality of any conduct he might have engaged in on October 27th and 28th, 1964.

■ ■ Proof that he was a patient in the Naval Psychiatric Ward in 1960, and various mental hospitals between 1960 and 1963, wherein he received care, including psychotherapy, medication, and electric shock treatments, was not sufficient to create a reasonable doubt as to his sanity on the date of the act and to overcome the presumption of sanity. People v. Miller, 33 Ill2d 439, 443, 211 NE2d 708; People v. DeSimone, 67 Ill App2d 249, 259, 260, 214 NE2d 305. In addition there was no authentication of the records of prior hospitalizations of the defendant and these records were not properly before the court. Defendant's offer of proof on this point, consisted merely of his statement that he had been a patient at such hospitals.

■ On the facts in the record including the offers of proof, there was no evidence upon which the psychiatrist could have based an opinion that the stress on the date of the homicide could have "triggered" the response because of an "underlying mental disease or defect." This was the theory which defendant's counsel sought to establish. The examination by the psychiatrist on February 22, 1965,—long after the homicide— by itself could not be a proper basis for an opinion as to defendant's condition on October 27th and 28th, 1964. Under the circumstances, we do not consider the refusal of the court to permit the defendant to testify

249

in accordance with his counsel's offer of proof or the court's striking of certain testimony of the defendant, to be reversible error.

Defendant next alleges that there was no competent evidence in the records either that deceased was in fact dead or that she was strangled. It was stipulated by the parties that the coroner, if called to testify, would testify that Sandra K. Davidson was dead on October 28, 1964. Although the corpus delicti cannot be established by the extrajudicial statements of the defendant alone amounting to a confession, admissions of a defendant on the witness stand, taken with other circumstances establishing an illegal criminal agency causing the death of the defendant's wife, Sandra K. Davidson, are sufficient to sustain the jury's verdict. People v. Manske, 399 Ill 176, 185–186, 77 NE2d 164. The rule in Illinois is that medical testimony is not required to prove the cause of death where the facts proved are such that every person of average intelligence would learn from his own knowledge or experience, that a wound was mortal. Waller v. People, 209 Ill 284, 288, 70 NE 681. The stipulation and the lay testimony introduced in this record were amply sufficient to prove the cause of death in this instance.

The defendant also objects to certain errors in instructions. We have examined the instructions in conjunction with the testimony in this case and find no error in instructions given and refused by the trial court.

The judgment of the trial court is affirmed.

Affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.