The People of the State of Illinois, Plaintiff-Appellee, *v.*
Alfred Allen, Defendant-Appellant.

(No. 53987;

First District—January 8, 1971.

Gerald W. Getty, Public Defender, of Chicago, (John E. Hughes, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Michael J. Goldstein, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant appeals from a sentence of five to nine years after the revocation of probation. The sole contention on appeal is that the sentence is excessive.

The defendant was originally indicted for the offense of "theft from person" in violation of Ill. Rev. Stat. 1963, ch. 38, par. 16—1. After a bench trial defendant was found guilty. The court admitted defendant to probation for a period of five years on the condition that he serve the first year in the House of Correction.

On May 25, 1968, the defendant was observed by two police officers in the act of grabbing a purse from a lady. The victim fell to the ground and was cut on a piece of glass in the ensuing struggle. Defendant was apprehended by the police officers. Defendant was indicted and on October 10, 1968, he was tried and convicted of attempted robbery and sentenced to serve five to nine years.

On January 10, 1969, a hearing was held to determine if defendant's probation should be revoked. On the basis of defendant's conviction for attempted robbery his probation was terminated.

In mitigation defendant's counsel asked only that the sentence to be imposed should run concurrently with the sentence for attempted robbery. The court sentenced defendant to a term of five to nine years with said sentence to run concurrently with his sentence for attempted robbery.

The Illinois Supreme Court, in *People v. Miller*, 33 Ill.2d 439, 444, set forth the test for determining whether a sentence is excessive:

"Where it is contended that the sentence imposed in a particular case is excessive, though within the limits prescribed by the legislature, we will not disturb the sentence unless it clearly appears that the penalty constitutes a substantial departure from the fundamental law and its spirit and purpose, or that it is not proportioned to the nature of the offense." *People v. Smith*, 14 Ill.2d 95.

See also *People v. Taylor*, 33 Ill.2d 417, and *People v. Davis*, 111 Ill.App. 2d 68.

In the instant case the violation of probation involved the commission of a crime in which violence occurred. Further, the sentence imposed was within the limits prescribed by the statute.*

We find no reason to reduce the sentence.

Judgment affirmed.

ENGLISH and LEIGHTON, JJ., concur.

---

* Ill. Rev. Stat., 1963, ch. 38, § 16—1:
Penalty
A person convicted of theft of property from the person or exceeding $150 in value shall be imprisoned in the penitentiary from one to 10 years.