THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID BLUMENTHAL, Defendant-Appellant.

(No. 55241; )

First District—August 20, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the appellee.

Mr. PRESIDING JUSTICE ENGLISH. delivered the opinion of the court:

## OFFENSES CHARGED

Two counts of conspiracy. (Ill. Rev. Stat. 1965, ch. 38, par. 8—2.) Six counts of theft. (Ill. Rev. Stat. 1965, ch. 38, par. 16—1.) Two counts of forgery. Ill. Rev. Stat. 1965, ch. 38, par. 17—3(a)(1)(2).

## JUDGMENT

On defendant's plea of guilty, the trial court sentenced him to concurrent terms of two to six years.

## CONTENTIONS RAISED ON APPEAL

1. Defendant was not properly advised by the court as to the consequences of his plea of guilty before the acceptance of that plea.

2. It was error for the trial court to deny defendant probation because his co-defendant had been granted probation, and defendant's background was consistent with probation.

## OPINION

Defendant's first contention is that he was not properly admonished as to the consequences of his guilty plea in that the court informed him that he could be imprisoned for up to ten years, whereas a conviction for forgery actually subjected him to a potential 14-year sentence. Ill. Rev. Stat. 1967, ch. 38, par. 17—3(d).

■ For two reasons, we find that the admonition concerning the possible penalties was sufficient. First, the court informed defendant that he could be sentenced for a period in excess of ten years due to the possibility of consecutive sentences for the multiple charges in the indictment, which defendant said he understood. Second, the actual concurrent sentences of two to six years imposed were within the maximum stated in the admonition of the court, and we therefore believe that no prejudice resulted to defendant. In *People v. Gaytan*, 266 N.E.2d 488, the court held that although defendant was not advised of the possibility of a death penalty when he pleaded guilty to murder, he was not prejudiced thereby because the sentence of 18 to 35 years imposed was well within the court's admonition as to possible sentences. Additionally, in *Gaytan* the court noted that there had been no suggestion that defendant would have changed his plea had the admonition included the informa-

tion omitted. The facts and conclusions in *Gaytan* are applicable in the case before us.

Defendant's second contention is that the court committed error in denying his request for probation, because his co-defendant was granted probation and this defendant's background was consistent with probation. There was a stipulation as to the acts which constituted the offenses charged, and defendant's contention must be viewed in light of these acts.

Defendant was employed as a salesman for the Universal Trunk Company and sold merchandise to Polk Brothers. Defendant was put under surveillance when the Polk Brothers accounting department discovered discrepancies in their purchasing and accounts receivable in connection with defendant's transactions. Defendant was discovered to have been stealing blank purchase orders from Polk Brothers' purchasing agent, Irving Feuerstadt, forging his signature on them and submitting them to his employer, Universal Trunk. On the strength of the purchase orders, defendant would take the merchandise (luggage) from Universal Trunk and dispose of it to merchants on Maxwell Street, representing it as seconds. Charles Scaife, a shipping and receiving clerk for Polk Brothers, and a co-defendant in this case, would then make out false receiving tickets on the merchandise defendant was converting, with the result that Polk Brothers would then pay Universal Trunk for the merchandise (valued at a total of approximately $232,000) which they never received, as disclosed by an audit of Universal Trunk. These continuing acts occurred over the period from July 1, 1966 to December 4, 1968. Defendant admitted having personally received about $30,000 to $40,000 from these transactions, and conceded that he should repay Polk Brothers for their full loss. After he was caught, he aided in exposing his co-defendant, Scaife, together with his boss and a shipping clerk at Universal Trunk who were also in on the scheme. Defendant was 45 years of age and had no prior criminal record.

After hearing the stipulated evidence and defendant's testimony concerning his cooperation with the State, the court sentenced defendant to concurrent terms of two to six years and placed Scaife on probation for two years.

Defendant relies heavily on the fact that Scaife received probation, and argues that the principle of dispensing equal justice under the law requires that he also be admitted to probation, citing *People v. Steg*, 69 Ill.App.2d 188, 191. In that case, the court was confronted with a rather unusual situation in which two defendants were given lengthier sentences than a third co-defendant who was the instigator and planner of the crime and whose prior record was worse than that of the appeal-

ing defendants. The court said at page 192: *"Where there is no basis either in the records of the individuals involved or in the nature of the participation* of such individuals in the crime which would justify a more severe sentence as to one of *equal participants* in such criminal venture, a sentence which arbitrarily imposes a greater punishment or penalty upon one or more of the individuals than another should not be approved."* Emphasis supplied.

The stipulated facts in the instant case clearly demonstrated that defendant Blumenthal was the mastermind behind this scheme, and the most active participant, stealing purchase orders, forging signatures, and selling the stolen goods. While Scaife's activities were clearly criminal, and may have been indispensable, he was involved in but one step of the scheme, and the court could, in the proper exercise of its discretion, find that he was not an "equal participant" under the reasoning in the *Steg* case cited above, and that the "nature of the participation" of the respective parties justified a difference in penalty.

Defendant also contends that the sentence was excessive and that his background is consistent with probation. As has often been stated, the trial judge is ordinarily in the best position to make a sound determination as to the proper sentence, and a reviewing court "should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois constitution which requires that all penalties shall be proportioned to the nature of the offense." *People v. Taylor*, 33 Ill.2d 417, 424; *People v. Allen*, 266 N.E.2d 712, 713.

We think that sentences imposed in this case are proper. The judgment is therefore affirmed.

Judgment affirmed.

DRUCKER and LORENZ, JJ., concur.