THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOUIS J. JONES, Defendant-Appellant.

(No. 54713;

First District—February 25, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Fred Shandling and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Murry P. Unger, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

After a hearing on a rule to show cause why probation should not be terminated, probation was terminated and Louis J. Jones, defendant, was sentenced to the penitentiary for a term of one to five years. The sole issue on his appeal is whether the maximum of the sentence is impermissibly severe.

On April 1, 1969, defendant pleaded guilty to burglary. (Ill. Rev. Stat. 1967, ch. 38, par. 19—1.) The trial court sentenced him to probation for a period of five years. Included in the conditions of probation were that defendant serve one year in the Cook County Jail and that credit be given for time served awaiting trial. Several months later defendant was arrested by two Chicago police officers on the complaint of a supermarket manager. Defendant was subsequently convicted of theft of three canned hams and a package of cereal from the store and sentenced to 90 days in the House of Correction.

Based on the conviction for theft, defendant was brought before the trial judge, who had granted the probation on the burglary charge, on a rule to show cause why his probation should not be terminated. The Assistant State's Attorney advised the court of defendant's prior record during the course of the hearing on the rule to show cause. This record showed six convictions for theft and one battery conviction within the

32 month period of October, 1965, through May, 1968. The Assistant State's Attorney also noted that defendant had violated his probation in that he had been convicted of the theft from the supermarket. The Assistant Public Defender, who had been appointed to represent defendant at the hearing, did not dispute the fact that a violation of probation had occurred. However, he did ask the court to be lenient in sentencing. No evidence in mitigation was offered to the court.

After hearing this testimony, the court ordered that the probation for the burglary conviction be terminated and sentenced defendant to a term of not less than one nor more than five years in the penitentiary. The instant appeal is taken from this order of the trial court.

*Opinion*

■■■ The violation of probation in this case was not of a technical nature. Rather, it included the commission of the crime of theft five months after probation had been granted. Imposing a sentence after violation of probation is not intended to punish for offenses committed subsequent to the granting of probation; the sentence is imposed for the offense for which probation was originally granted. *People v. Smith* (1969), 105 Ill.App.2d 14, 17. When defendant's probation was revoked, the court imposed sentence based on the original offense of burglary. The sentence of not less than one nor more than five years was within the prescribed statutory limits for the crime of burglary. Ill. Rev. Stat. 1967, ch. 38, par. 19—1(b) reads:

"(b) Penalty

A person convicted of burglary shall be imprisoned in the penitentiary for any indeterminate term with a minimum of not less than one year."

■■■ When a sentence is within limits set by statute, it will not be disturbed on review unless it constitutes a substantial departure from fundamental law and its spirit and purpose, or is not proportionate to the nature of the offense. (*People v. Smith* (1958), 14 Ill.2d 95, 97; *People v. Miller* (1965), 33 Ill.2d 439, 444-445; see also *People v. Hale* (1969), 118 Ill.App.2d 65.) The power of reviewing courts to reduce sentences where the circumstances of a particular case warrant the reduction was discussed by the Illinois Supreme Court in *People v. Taylor* (1965), 33 Ill.2d 417. Such power, the Court warned, should be used with considerable caution. At page 424 the Court set out guidelines with respect to reduction of punishment at the appellate level:

"[S]uch authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than to the appellate tribunals."

■■ Upon a review of the entire record, we cannot say the trial court abused its discretion in this matter. There was no evidence offered in mitigation. Further, the record indicates nothing that would compel or justify a reduction of the maximum sentence of five years. The sentence imposed is not excessive in view of the nature of the offense and in light of defendant's past criminal record. As stated above, we find no circumstances to warrant a reduction.

The judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.