THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUPERT HUNT *et al.,* Defendant-Appellants.

(No. 71-85; 

Second District—March 2, 1972.

Harold J. Spelman, of West Chicago, for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel) for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant Peter Gregorio plead guilty to nine counts of official misconduct (Sections 33—3(a), (c) and (d) of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, secs. 33—3(a), (c) and (d)) and defendant Rupert Hunt plead guilty to six counts of official misconduct. A hearing was held to consider applications for probation and arguments in aggravation and mitigation. Gregorio was placed on probation for three years, the first ninety days to be spent in the county jail; Hunt was sentenced to one to three years in the penitentiary. Both defendants appeal the sentences.

Gregorio, a driver's license examiner for the Secretary of State's office in Lombard, Illinois, and Hunt, the station manager, received money to permit unqualified applicants to pass the driver's test and receive licenses. Evidence indicated that Hunt entered into this scheme with Marcello Dominquez who was to bring such applicants to the testing station; Hunt enlisted several examiners, including Gregorio, to aid him; Gregorio administered the eye tests, sign recognition and written tests and, in at least one instance, gave an eye test wherein blank cards were inserted into the testing machine; Gregorio filled in answers to the sign and writ-

ten tests without asking the applicant any questions and arranged for applicants to be given the road test by certain examiners involved in the scheme. In at least two instances, applicants passed the road test by merely sitting in an auto parked in the lot. Approximately 300 persons received their licenses through the "assistance" offered for a fee.

The mitigating facts concerning Gregorio are that he is 66 years old, married 41 years and in poor health; that his wife is 62 years old, unable to work, and dependent upon Gregorio for her support; that he was arrested only once previously and found not guilty; that six persons testified to his good reputation and the probation officer recommended he be given a two year probation.

The mitigating facts concerning Hunt are that he is 54 years old, married 30 years, his wife currently unemployed and dependent upon him for support; that he is a diabetic, has no previous criminal record and has never been accused of any wrongdoing; that he was cooperative with the investigators; that eight witnesses testified to his good reputation and 2-0 persons signed a petition attesting to his good reputation, and that the probation officer recommended he be given a five year probation.

Hunt alleges it was improper to deny him probation and that his sentence is excessive. Gregorio contends his sentence is excessive since he must serve the first ninety days of probation in the county jail.

■■■ The law is clear that, in determining whether denial of probation was proper, this court is not to decide whether probation should have been granted. Rather, we are restricted to determining whether the trial judge's denial was a discriminatory or purely arbitrary decision. (*People v. Saiken* (1971), 49 Ill.2d 504, 514—515; *The People v. Molz* (1953), 415 Ill. 183, 189—191; *People v. Bauswell* (1970), 120 Ill.App.2d 149; *People v. Knox* (1969), 116 Ill.2d 427, 437; *People v. Smice* (1968), 92 Ill.App.2d 83, 86.) The trial judge held a complete and lengthy hearing during which he took copious notes. In order to "give this matter due consideration," he delayed his decision for one week and, in his findings, stated that he had considered the seriousness of the offense and the backgrounds and reputations of the defendants. Consequently, the trial judge's decision to deny Hunt probation was neither discriminatory nor arbitrary. See *People v. Bauswell, supra; People v. Knox, supra; People v. Smice, supra.*

A sentence is not excessive:

"* * * unless it is greatly at variance with the purpose and spirit of the law or manifestly in excess of the proscriptions * * * of the Illinois constitution which requires that all penalties should be

proportioned to the nature of the offense. The trial court is normally in a superior position during the trial and the hearing in aggravation and mitigation to make a sound determination as to the punishment to be imposed than are courts of review." *People v. Fox* (1971), 48 Ill.2d 239, 251—252.

The sentences in the case at bar are not excessive. The trial judge was concerned with the seriousness of the offense which allowed at least 300 unqualified drivers to receive licenses, defendants' conduct permitting, he noted, the possible death or injury of innocent persons. Additionally, both defendants were less than candid with the court. Gregorio, although he plead guilty, stated he passed only those applicants who legitimately passed and that he failed those who deserved to fail. Further evidence conclusively showed that this was not true. Hunt told the court that he received money in order to put the applicants through a normal test and that only qualified applicants passed. He further testified that he must have been very naive in that he did not understand why applicants would give him money for receiving the identical service to which they were entitled. After much questioning, Hunt finally admitted that he knew unqualified applicants were paying to receive licenses. The seriousness of the crime, coupled with the lack of honesty under oath on the part of both defendants, apparently outweighed mitigating factors. Consequently, the sentences are not at variance with the spirit and purpose of the law.

■■■ The defendants contend that the judge did not even consider the mitigating factors nor the various other factors which must be considered upon sentencing, *i.e.*, adequate punishment for the offense, the need for safeguarding the public from future offenses and the probabilities of reform and rehabilitation. The judge, in his findings, discussed the seriousness of the offense, the age, background and reputation of the defendants, the lack of truth displayed at the hearing, and the requirement that the punishment must fit the crime. There is no requirement that the trial judge must issue a detailed opinion setting forth the minutiae of all factors relevant to sentencing. (*People v. Nelson* (1968), 41 Ill.2d 364, 369.) It is most apparent from the judge's findings that proper consideration was given the necessary factors.

■■ Finally, Hunt contends there is no justification for the disparity of sentence. His harsher sentence is justified, however, in that the judge found Hunt implemented the scheme, that he enlisted the other participants in the operation and that he was the station manager charged with the responsibility of preventing the very misconduct in which he was engaged. These facts alone are sufficient to justify the harsher sen-

ence. See *People v. Blumenthal* (1971), 1 Ill.App.3d 189, 191—192, 273 N.E.2d 668, 670—671.

Finding no error, we affirm the decision of the lower court.

Judgment affirmed.

SEIDENFELD, and GUILD, JJ., concur.