THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY MOBLEY, Defendant-Appellant.

(No. 57108; ▮▮▮▮▮▮▮

First District—July 21, 1972.

James J. Doherty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

On July 30, 1971, defendant entered pleas of guilty to three theft indictments and was placed on probation for three concurrent five year periods. He was subsequently convicted and sentenced for another theft offense. His probation was thereafter revoked and he was sentenced to three concurrent terms of five to ten years, from which order this appeal has been taken.

On May 3, 1972, the public defender, who was appointed to prosecute an appeal on defendant's behalf, moved that this court grant him leave to withdraw from the case on the grounds that he was unable to find any basis which could arguably support an appeal. This motion was filed with a supporting brief pursuant to *Anders v. California* (1967), 386 U.S. 738.

■■ This brief, which was obviously prepared with skill after a conscientious examination of the record, pointed out two grounds which might arguably support an appeal. Although the public defender concluded that an appeal in this case would be without merit, the brief considered those points in detail. The first point raised by the public defender relates to the question of whether or not defendant was afforded procedural due process in the hearing which led to the revocation of his probation. The record in the instant case reveals, however, that the proceedings were in conformity with the standards of procedural due process. *See generally* Ill. Rev. Stat. 1971, ch. 38, par. 117—3, and *People v. Price* (1960), 24 Ill.App.2d 364, 164 N.E.2d 528.

A second possible ground for appeal pointed out by the public defender relates to whether the sentence imposed upon defendant was excessive. The sentence, however, is within the limits prescribed by the Legislature * for theft and it is not at variance with the purpose and spirit of the law or in excess of the proscriptions found in the Illinois Constitution,

---

* Ill. Rev. Stat. 1971, ch. 38, par. 16—1.

especially in the light of defendant's extensive prior criminal record. *People v. Taylor* (1965), 33 Ill.2d 417, 424, 211 N.E.2d 673, 677, and *People v. Miller* (1965), 33 Ill.2d 439, 444—445, 211 N.E.2d 708, 712.

On May 3, 1972, defendant was served by mail with copies of the public defender's motion and brief. On May 17, 1972, this court notified defendant that he might have until July 5, 1972 to raise matter in support of his appeal. He has not responded.

■■■ In addition to our consideration of the brief filed by the public defender, we have made "a full examination of all the proceedings" as required by *Anders v. California, supra*. We conclude that there are no matters "arguable on their merits" and that the appeal is "wholly frivolous."

Defendant's attorney is given leave to withdraw, and the judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.