**People of the State of Illinois, Plaintiff-Appellee, v. Joe Castillo, Defendant-Appellant.**

**Gen. Nos. 54,664, 54,665, 54,666. (Consolidated.)**

First District, Fourth Division.

September 23, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Robert A. Novelle and Arthur L. Bel-

kind, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant has appealed from three convictions entered upon pleas of guilty, contending that the trial court did not properly inform him of the nature of the charges against him. Four indictments had been returned against defendant, one on a charge of robbery and three on charges of armed robbery. Ill Rev Stats 1965, c 38, §§ 18-1, 18-2. To all four indictments, he had entered pleas of not guilty. Defendant was then tried on one of the indictments, convicted of armed robbery, and sentenced to a term of 5 to 15 years. That judgment is not before us on this appeal. Subsequently, he changed his plea to guilty as to the remaining three indictments, and, after being adjudged guilty by the court, received three sentences of 3 to 12 years, to run concurrently with the prior sentence.

Defendant was arraigned on March 28, 1967, at which time he was furnished with copies of the indictments and orally informed by the court of the nature of the charges against him. Defendant, being represented by counsel, waived formal reading of the indictments, and entered a plea of not guilty as to each offense. Following defendant's trial and conviction for armed robbery on April 29, 1968, the trial of the remaining three charges was set for June 6, 1968. At that time, defendant and his attorney stood before the bench, and defense counsel stated that defendant desired to change his plea with respect to the three pending indictments. The following colloquy then took place:

> MR. DARRAGH (defense counsel): "May it please the Court, Jose Castillo, is present before the Court. At this time, Judge, you will recall, this was formally a jury trial under Indictment 67-948. The jury found him guilty of armed robbery.
>
> "Heretofore, your Honor, pleas of not guilty have been entered on Indictments 67-946-7-9. At this time, your Honor, we would like to withdraw those

pleas of not guilty and enter pleas of guilty to Indictments 67–946, 947 and 949."

THE COURT: "Mr. Castillo, you just heard your lawyer say to this Court that you desire to withdraw your pleas of not guilty heretofore made in Indictments 67–946, 67–947, 67–949 and enter, in lieu thereof, a plea of guilty, is that correct?"

DEFENDANT CASTILLO: "Yes, sir."

THE COURT: "Now, you realize, that when you enter a plea of guilty you automatically do away with the right to a trial by jury?"

DEFENDANT CASTILLO: "Yes, sir."

THE COURT: "You waive the defects in the indictments, except the jurisdiction, perhaps, but you have no right to raise technical objections to the indictments. And the Court may sentence you to the Illinois State Penitentiary for a period of—let me see, I want to get the right one here."

MR. BURNHAM (Assistant State's Attorney): "Two to any number, Judge, on each."

THE COURT: "Two to any number of years. In other words, it is indefinite. I may give you two to any number of years.

"Knowing that, on each indictment, and they may run consecutively. That is, after you finish the sentence on one indictment, you may, the next sentence starts to run. That is what we mean by consecutively.

"Now, knowing that, you insist on your plea of guilty, is that right?"

DEFENDANT CASTILLO: "Yes, sir."

THE COURT: "All right.

"Let the record show that the defendant has been admonished of his pleas of guilty, the consequences thereof, and he insists on his plea."

Defendant's sole contention on appeal is that the court erred by accepting his guilty pleas without informing him of the nature of the charges against him. The Code of Criminal Procedure, Section 115–2(2) provides that a guilty plea entered in open court may be accepted when "the court has informed the defendant of the con-

sequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea." Ill Rev Stats 1967, c 38, § 115–2(2). Additional regulation of this subject is to be found in Supreme Court Rule 401(b) which provides in pertinent part:

> (b) Procedure on Plea or Waiver. The court shall not permit a plea of guilty . . . by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court at the time waiver is sought to be made or plea of guilty entered, or both, as the case may be, that the accused . . . understands the nature of the charge against him, and the consequences thereof if found guilty . . . . The inquiries of the court, and the answers of the accused to determine whether he . . . comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law, shall be taken and transcribed and filed in the case.

Ill Rev Stats 1967, c 110A, § 401(b). There is no question but that the trial court's admonishment to defendant was sufficient to preserve defendant's rights under the Code provision, as defendant was informed of the consequences of his plea and the maximum penalty provided by law. Defendant, however, urges most strongly the narrower question, under Rule 401(b), as to whether the court had reasonable basis for belief that defendant understood the nature of the charges against him.

We note from the record in this case that at arraignment defendant had been told the nature of the charges in all four indictments. Defendant enjoyed the advice of counsel at all stages of these proceedings. Following his conviction for armed robbery and sentence of 5 to 15 years, the obvious defense plan was for defendant to plead guilty to the other three indictments in order to receive concurrent sentences, hopefully within the span of the sentence already imposed. This plan was effec-

tuated when on his guilty pleas defendant was given concurrent sentences of 3 to 12 years. Following the above-quoted colloquy, the court accepted defendant's pleas and immediately proceeded to hear stipulations of fact as to the three indictments which were referred to by number, and the stipulations included specific statements setting forth the nature of the separate charges. During this time, defendant remained with his counsel before the bench, and both, without doubt, had adequate opportunity to make known their objections if the stipulations as recited by the State's Attorney were in any way contrary to defendant's understanding of the nature of the charges to which defendant had moments before pleaded guilty. Contrariwise, at the conclusion of each stipulation, defendant's attorney advised the court that it was "so stipulated" by defendant.

It was then shown, in aggravation, that in 1959 defendant had been found guilty of larceny and admitted to probation with six months in jail. In 1961, defendant was given a 5-year sentence for robbery in Texas from which he was paroled in 1962, and then in 1963 returned to the penitentiary for parole violation.

We believe that it would have been preferable, under Rule 401(b), if detailed reference had been made to the nature of the charges at the precise moment, before acceptance of the pleas, when the judge was satisfying himself that defendant understood the consequences of his pleas and the applicable penalties. Nevertheless, we conclude, on the basis of this record, that, at all times pertinent, defendant did in fact comprehend the nature of the crimes with which he was charged, and that there was, therefore, compliance with the intent of both the Code and the Rule.

Accordingly, the judgments are affirmed.

Affirmed.

DRUCKER and LEIGHTON, JJ., concur.