(No. 42852.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN PHILLIP PLECKO, Appellant.

*Opinion filed September 29, 1970.*

WARD, J., took no part.

JULIUS LUCIUS ECHELES and FREDERICK F. COHN, both of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOSEPH ROMANO, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Crebs delivered the opinion of the court:

Defendant, John Phillip Plecko, entered a plea of guilty in the circuit court of Cook County to the crime of manslaughter and was sentenced to the penitentiary for a term of 1 to 20 years. He filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*), the petition was dismissed, and he appeals from this dismissal order pursuant to Supreme Court Rule 651. 43 Ill.2d R. 651.

It is first argued that the trial court should have conducted a hearing to determine defendant's competency to enter the guilty plea. Plecko was indicted for murder and the public defender was appointed to represent him. On December 28, 1964, he was arraigned and entered a plea of not guilty. There was apparently a question about his competence to stand trial, and Dr. Philip W. Margoles of the University of Chicago Department of Psychology examined him at the request of the public defender. The trial court also ordered an examination by the Behavior Clinic. The report of Dr. Margoles dated April 19, 1965, states that Plecko "manifests a fixed paranoid pattern, which at various times erupts into an acute psychotic paranoid state." The doctor concluded, however, that defendant "is competent to stand trial and to cooperate with his lawyer." Dr. William H. Haines, director of the Behavior Clinic, in his report dated May 10, 1965, diagnosed defendant as follows: "Suspected paranoid personality make-up. He knows the nature of the charge and is able to cooperate with his counsel." On May 25, 1969, defendant withdrew his plea of not guilty and entered a plea of guilty.

It is well established that the trial court must order a sanity hearing to determine a defendant's competency to stand trial when facts are brought to the attention of the court which raise a *bona fide* doubt of defendant's present sanity (*People* v. *Bortnyak,* 39 Ill.2d 545; *People* v. *Burson,* 11 Ill.2d 360), and this obligation is not necessarily avoided

because a defendant has failed to raise the issue. (*People* v. *Smith,* 44 Ill.2d 82.) However, the psychiatric reports of Dr. Margoles and Dr. Haines justify the trial court's conclusion that there was no *bona fide* doubt of defendant's competence to stand trial. *People* v. *Bortnyak,* 39 Ill.2d 545; see also, *Withers* v. *People,* 23 Ill.2d 131.

Defendant also argues that he was not properly admonished as to the nature of the charge against him. In support of this argument he cites *Boykin* v. *Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709. In *People* v. *Williams,* 44 Ill.2d 334, we analyzed at length the ruling in *Boykin* and concluded that the constitutional principles there enunciated are inapplicable where the plea of guilty was entered prior to June 2, 1969.

Prior to *Boykin,* we would examine the record and read the court's explanation required by our Rule 26(3) in a practical and realistic manner. (See *People* v. *Marshall,* 23 Ill.2d 216.) For example, in *People* v. *Outten,* 22 Ill.2d 146, we said that "It is obvious that by pleading guilty the defendant is foregoing his right to a trial of any kind, and therefore we have held that the court is not required to refer explicitly to a right of trial by jury." 22 Ill.2d at 149.

With this pre-*Boykin* approach in mind, we examine what occurred when defendant appeared in court to change his plea:

"THE CLERK: John Phillip Plecko.

THE COURT: Yes, Mr. Fishman.

MR. FISHMAN: Your Honor, I have conferred with the defendant, Mr. John Plecko, and at this time Mr. Plecko wishes to withdraw his plea heretofore entered in the Indictment 64-3753 and enter a plea of guilty to the lesser included charge of voluntary manslaughter. Is that correct, Mr. Plecko?

THE DEFENDANT: Yes, that's correct.

MR. FISHMAN: And you do that free and voluntary?

THE DEFENDANT: Yes.

THE COURT: Now, Mr. Plecko, you have heard your counsel make that statement, is that correct, sir?

THE DEFENDANT: Yes, sir."

The court then went on to explain to defendant the consequences of a guilty plea to voluntary manslaughter.

We believe that by reading the record in a practical and realistic manner it shows that defendant understood the nature of the charge against him. Section 113—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1963, ch. 38, par. 113—1) provides: "Before any person is tried for the commission of an offense he shall be called into open court, *informed of the charge against him,* and called upon to plead thereto." (Emphasis added.) The record shows that Plecko was arraigned on December 28, 1964, and he pleaded not guilty. The reports of the two doctors who examined him after his arraignment state that he understood the nature of the charge against him. Indeed, Plecko does not allege that he did not understand the nature of the charge, but merely alleges that "he was never advised in a meaningful manner of the nature of the charge against him." The record does not support this assertion.

It is also argued that defendant's confession shows he was either guilty of murder or innocent by reason of insanity and that his constitutional rights were violated when the court accepted his plea of guilty to voluntary manslaughter. Defendant has attached to his post-conviction petition a confession he made to the police on the day of the homicide. The People contend that even if the facts surrounding the homicide indicated murder and not voluntary manslaughter, defendant has not been prejudiced or denied any constitutional right by the trial court allowing him the benefit of pleading guilty to the lesser offense.

It is unnecessary for us to decide the issue raised by defendant. In the first place his confession merely gives his version of the homicide which may or may not be accurate.

Secondly, the confession simply does not rule out the possibility that the homicide may have been a voluntary manslaughter. He states that when he left home that morning he took his gun. He drove around and finally went to his place of employment. He had a conversation with a Harry Gray. "I don't recall the conversation and Mr. Gray called me something, but I don't remember what. He had his hand up in the air and I am pretty sure I shot him, but I don't know how many times. I remember he was coming at me and I had the gun in my hand, then I shot but I didn't hear any noise, then I left the building and got in my car."

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.