(No. 42944.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDDIE MOORE, Appellant.

*Opinion filed November 18, 1970.*

WARD, J., took no part.

WILLIAM J. SCOTT, Attorney General, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and MICHAEL J. GOLDSTEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

The defendant, Eddie Moore, was indicted in the circuit court of Cook County on September 24, 1965, for the offenses of unlawful possession and unlawful sale of heroin, a narcotic drug. On December 8, 1965, he was brought before the circuit court, accompanied by a court-appointed public defender, John J. McDonnell, who informed the court that the defendant desired to plead guilty to the charges against him. A stipulation of facts was filed, which disclosed that on September 16, 1965, a special employee of the Chicago Police Department bought .05 grams of heroin from defendant, using $15 in prerecorded funds.

The proceedings were short and are set forth verbatim as follows:

"MR. McDONNELL: Judge, this is the defendant, Edward Moore, he is here in Indictment No. 65-2585 and 86, and on both indictments at this time, Your Honor—on Indictment No. 65-2586 Eddie is now withdrawing his plea of not guilty heretofore entered and entering a plea of guilty to possession of narcotics. Is that correct?

DEFENDANT MOORE: Yes.

MR. McDONNELL: You are doing this freely and voluntarily?

DEFENDANT MOORE: Yes, sir.

MR. McDONNELL: And at this time he would like to state for the record he is completely satisfied with the representation he has received. Is that correct?

DEFENDANT MOORE: Yes.

MR. McDONNELL: Also, Judge, in 65-2585, the charge of unlawful sale of narcotics, at this time he wishes to withdraw the plea of not guilty heretofore entered and enter a plea of guilty, generally, to the charge and all lesser counts therein. Is that correct?

DEFENDANT MOORE: Yes, sir.

MR. McDONNELL: And are you completely satisfied with your representation at this time?

DEFENDANT MOORE: Yes.

THE COURT: Mr. Moore, your counsel advises me you wish to change your plea of not guilty in indictment No. 65-2582 [sic], which charges you with the possession of narcotic drugs. Is that correct?

DEFENDANT MOORE: Yes, sir.

Q. And when you plead guilty you automatically waive your right to a jury trial, you understand that?

A. Yes, sir.

Q. Before accepting your plea of guilty it is my duty to advise you on your plea of guilty to this indictment which charges you with possession of narcotic drugs, the Court may sentence you for a term of years not less than two nor more than 10 in the Illinois State Penitentiary. Knowing that do you still persist in your plea of guilty?

A. Yes, sir.

THE COURT: Let the record show that the defendant has been advised of the consequences of his plea of guilty to this indictment and after being so advised persists in his plea, the plea therefore will be accepted and there will

be a finding of guilty of possession, unlawful possession of narcotic drugs in manner and form as charged in this indictment and judgment on the finding.

Now, as to indictment No. 65-2585 which charges you with the unlawful sale of narcotic drugs, Mr. Moore, your counsel advises me you wish to change your plea of not guilty to a plea of guilty, generally, to the indictment. Is that correct?

A. Yes, sir.

Q. When you plead guilty, again I state to you, that you waive your right to a jury trial.

A. Yes, sir.

Q. Now, before accepting your plea of guilty to this indictment which charges you with unlawful sale of narcotic drugs the Court may sentence you to the Illinois State Penitentiary for a term of not less than 10 years nor more than life. Knowing that do you still persist in your plea of guilty?

A. Yes, sir.

THE COURT: Let the record show the defendant has been advised of the consequences of his plea of guilty to this indictment and after being so advised persists in his plea, the plea therefore will be accepted and we will reserve the finding until we have a hearing of the facts in the case so we may make a determination what the finding will be.

THE COURT: The Court will make a finding in connection with 65-2585, and on these facts will make a finding of guilty of possession of narcotics, the lesser included offense."

Defendant filed a *pro se* post-conviction petition, and his court-appointed attorney filed a supplemental petition and brief for post-conviction relief, alleging as constitutional issues that "the court had a duty to make a factual inquiry on the record as to whether the defendant entered his guilty plea voluntarily and with an understanding of both the

nature of the charges and the consequences of the plea." He also asked "whether the court had a duty to inquire on the record as to the factual basis for the defendant's plea of guilty."

The State filed a motion to dismiss and, after hearing on the motion, both the original and supplemental petitions were dismissed.

The basis for the defendant's position is that the record does not sufficiently disclose that he knowingly and voluntarily entered his guilty pleas. He contends that "unless it appears in the record that the Court itself, or through the prosecutor, has made a rather detailed factual inquiry into the voluntariness of a defendant's plea, such voluntariness cannot be constitutionally presumed."

Defendant relies principally upon cases which have developed in the United States Supreme Court since these pleas of guilty were accepted in 1965.

In the case of *Boykin* v. *Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, decided June 2, 1969, it was held that the court should require a showing on the record that such Federal constitutional rights as the right to trial by jury, the right to confront one's accusers, and the right against compulsory self-incrimination are waived knowingly. The *Boykin* case followed closely after *McCarthy* v. *United States*, 394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166. In that case the court did not reach constitutional issues but based its decision upon an analysis of Rule 11 of the Federal Rules of Criminal Procedure which deals with a Federal judge's duty when accepting a plea of guilty. That rule, said the court, requires that a Federal judge address personal inquiries to a defendant "to ascertain directly his understanding of the nature of the charge against him." This court has held in *People* v. *Mims*, 42 Ill.2d 441, 444, that the underlying reasons apply equally to Rule 401 of this court. Ill. Rev. Stat. 1967, ch. 110A, par. 401.

In the case of *People* v. *Williams* (1970), 44 Ill.2d 334,

this court noted that *McCarthy* v. *United States* had been limited to prospective use in *Halliday* v. *United States,* 394 U.S. 831, 23 L. Ed. 2d 16, 89 S. Ct. 1498, and held that *Boykin* v. *Alabama* should not be applied retroactively.

In the *Williams* case the procedure upon taking the plea of guilty and the court's admonition to the defendant as to the consequences of the plea were very similar and the court sustained the conviction and dismissed the post-conviction petition.

In *Williams,* the proceedings surrounding the defendant's plea of guilty, a pre-*Boykin* plea, were as follows:

"THE COURT: Is there a motion, counsel?

MR. COGAN: Yes, Judge, in this indictment, I have spoken to my client and he told me that he wishes to withdraw the plea of not guilty that was entered on the arraignment and to enter a plea of guilty in manner and form as charged in the indictment. Is that right, Mr. Williams?

THE DEFENDANT: Yes.

THE COURT: Now Mr. Williams, I want to be sure you understand. When you plead guilty to the charge of murder, the Court can sentence you to the penitentiary for not less than fourteen years and it could be life imprisonment or could be death in the electric chair depending upon how aggravated the facts are. You understand that, the range of penalty provided by law?

THE DEFENDANT: Yes.

THE COURT: Understanding that, you desire to plead guilty?

THE DEFENDANT: Yes.

THE COURT: I take it then you are pleading guilty because you are in fact guilty?

THE DEFENDANT: I am.

THE COURT: Very well. Let the plea be accepted and enter judgment on the plea." 44 Ill.2d at 337.

The court then held that the defendant's plea of guilty

was properly accepted and his petition for a post-conviction hearing properly dismissed by the circuit court. In the case at bar, the waiver of jury trial was pointed out to the defendant.

We are of the opinion that the record in the case at bar is sufficiently complete under pre-*Boykin* rules and under the Supreme Court Rule 26 then in effect. (Ill. Rev. Stat. 1963, ch. 110, par. 101.26.) It is also noted that the defendant here stated he was fully satisfied with his trial counsel.

The second point raised by the defendant, that there was no factual basis for the pleas of guilty, we think is without merit particularly in view of the stipulation of facts shown in the record, which clearly indicates that the defendant was guilty of the charges against him.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.