and it is only in case of clear abuse of such discretion, resulting in manifest prejudice to the defendant that a reviewing court will interfere." *People v. Nugara* (1968), 39 Ill.2d 482, 488, 236 N.E.2d 693. There was no such "clear abuse of discretion resulting in manifest prejudice to the defendant" in this bench trial.

■■■ Defendant next contends that the evidence was insufficient to sustain his conviction. Mary Barnes, the complaining witness testified that she saw Odell Bonds sitting on top of the car, running out of her house, and getting away from her grasp on her front lawn. "The testimony of a single witness, if it is positive and the witness credible is sufficient to convict even though it is contradicted by the accused." *People v. Hampton* (1969), 44 Ill.2d 41, 253 N.E.2d 385.

We reject defendant's contentions and affirm the judgment of the Circuit Court of Cook County.

Judgment affirmed.

BURMAN and DIERINGER, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JUSTIN THOMAS, Defendant-Appellant.

(No. 55197;

First District—April 1, 1971.

Opinion by Mr. JUSTICE DEMPSEY.

Gerald W. Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.