253

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARILYN ISABELL, Defendant-Appellant.

(No. 54788; )

First District—May 28, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Ronald P. Katz, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

On defendant's plea of guilty to the charge of voluntary manslaughter she was sentenced to a term of two to ten years in the Womens Reformatory at Dwight, Illinois. The Public Defender, who represents defendant in this appeal, has requested that he be allowed to withdraw as appellate counsel. In his supporting brief, filed pursuant to *Anders v. California,* 386 U.S. 738, he asserts that he is unable to find any legal points which are arguable on their merits.

The Public Defender having searched the record states that the only possible basis for an appeal would be whether the court fully admonished defendant of the significance and consequences of her change of plea from not guilty to guilty. The Public Defender concludes that the admonishment by the trial court was adequate.

The defendant was notified of her counsel's motion to withdraw and was given two and one-half months to file additional points in support of her appeal. She has not responded.

We have reviewed the record and find that the trial court carefully informed the defendant of the charge against her and of the penalty for the crime of voluntary manslaughter; explained her right to a jury trial; and fully admonished her of the consequences of her guilty plea. *People*

254

*v. Moore*, 47 Ill.2d 60; *People v. Thomas*, 132 Ill.App.2d 832, 270 N.E.2d 498 and *People v. Amsterdam*, 122 Ill.App.2d 27.

The trial court having completely fulfilled its responsibility before accepting defendant's plea of guilty, we find that there are no legal points arguable on their merits and that an appeal would be wholly frivolous and could not possibly be successful.

The motion to withdraw is allowed and the judgment is affirmed.

Judgment affirmed.

ENGLISH, P. J., and LORENZ, J., concur.