THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT WOOLEY (Impleaded), Defendant-Appellant.

(Nos. 54214, 55050, 55051, 55052, cons.;

First District—July 14, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Michael Weininger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the Circuit Court of Cook County, wherein the defendant pleaded guilty to three separate indictments charging armed robbery, for which he was sentenced to the State Penitentiary for a term of three to four years on each indictment, the sentences to run concurrently.

The question on appeal is whether the court properly accepted the defendant's plea of guilty. Defendant complains his waiver of a jury trial was not understandingly made and also the court failed to find the defendant understood the nature of the charges against him.

The defendant, Robert Wooley, was charged with armed robbery in three separate indictments. He pleaded not guilty and demanded a jury trial. After answering "ready" for trial, there were discussions concerning several pre-trial motions, and then the following exchange took place:

THE COURT: "Your lawyer tells me that you want him to enter into a conference with the State's Attorney and the judge. You know, of course, that a conference of this type, some things come out that if they were brought out at the trial might not be admissible into evidence. Understanding that do you still want your lawyer to have a conference with the State's Attorney and the court.

DEFENDANT: Yes."

After the conference there was another exchange between the court and the defendant:

"THE COURT: Mr. Robert Wooley, you understand that your counsel, the State's Attorney and the court have had a conference on your case. Have you been advised as to the results of that conference?

THE DEFENDANT: Yes.

THE COURT: Your counsel now advises me that you wish to change your plea of not guilty to a plea of guilty, is that correct?

THE DEFENDANT: Yes.

THE COURT: You know, of course, when you plead guilty you automatically waive and give up your right to a jury trial, do you understand that?

THE DEFENDANT: Yes.

THE COURT: Before accepting your plea of guilty it is my duty to advise you that on your pleas of guilty to these indictments, 67-2646, 2648, 2649, which charge you with the crime of armed robbery, you may be sent to the penitentiary for a term of years, it may be any number of years not less than two. Now, knowing that do you still persist in your pleas of guilty?

THE DEFENDANT: Yes.

THE COURT: Let the record show that the defendant has been advised of the consequences of his pleas of guilty to these indictments and after having been so advised persists in his pleas. Therefore, the pleas will be accepted and there will be a finding of guilty in manner and form as charged in indictment 67-2646, 2648, and 2649, and there will be a judgment on the finding."

The court heard testimony in aggravation and mitigation and sentenced Wooley to three to four years on each charge, the sentences to run concurrently.

■■ In order for a waiver of a jury trial to be effective, it must be both expressly and understandingly made. (*People v. Surgeon* (1958), 15 Ill.2d 236.) In *People v. Wesley* (1964), 30 Ill.2d 131, the Supreme Court of Illinois upheld a jury waiver and stated:

> "There is no specific or defined formula which the trier of fact is to follow, or from which to judge whether a waiver is understandingly made, and we believe of necessity that the determination must rest upon the facts of each particular case."

From the record it is clear the defendant was not confused and there is nothing to indicate coercion. He had the advice of the public defender, and the judge was explicit in advising him of his rights. Finally, the language of the admonishment in this case is similar to that in *People v. Moore* (1970), 47 Ill.2d 60, which the court held to be sufficient.

It is further argued the court failed to find the defendant understood the nature of the charges against him. Supreme Court Rule 401 (b) provides:

> "The court shall not permit a plea of guilty  *  *  *  unless the court finds from proceedings had in open court at the time  *  *  * that he understands the nature of the charge against him, and the consequences thereof if found guilty  *  *  *."

■■ The basis of the defendant's position is the record did not reflect the court found the defendant to have understood the charges. He relies on *People v. Medley* (1970), 122 Ill.App.2d 279. In that case the court held the defendant had been improperly admonished and noted there was no express finding in the record that the defendant understood the nature and consequences of the charge against him. We hold an express finding in specific words, such as "I find that the defendant understands the charges and consequences against him," is not required under the *Wesley* case.

■■ In the case at bar, the record reflects the court found the defendant to be aware of his situation when it accepted the plea of guilty:

> "Let the record show that the defendant has been advised of the consequences of his pleas of guilty to these indictments and after having been so advised persists in his pleas. Therefore, the pleas will be accepted and there will be a finding of guilty  *  *  *."

The above statement adequately shows the court's belief the defendant was fully knowledgeable. A judge need not use specific words or a defined formula to discharge his duties and accomplish justice.

For the reasons stated, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.