THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM H. PALMER, Defendant-Appellant.

(No. 54480;

First District—September 10, 1971.

Gerald W. Getty, Public Defender, of Chicago, (John T. Moran, Jr., and James Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and James Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This is an appeal from a conviction for the crime of voluntary manslaughter. Defendant was charged by indictment with murder. He entered a plea of not guilty to that charge. However, at trial, on May 6, 1969, he entered a plea of guilty to the reduced charge of voluntary manslaughter. The plea was accepted by the court and defendant was sentenced after a hearing in aggravation and mitigation to a term of

three to ten years. On appeal it is argued that acceptance of the plea was error for the reasons that before accepting the plea the court: (1) failed to ascertain whether defendant understood the nature of the charge against him; and (2) failed to warn him that his plea of guilty waived his privilege against self-incrimination and his right to confront his accusers.

The record reflects the following exchange at trial:

"Mr. STARKE: [Defense Counsel] Good morning, Your Honor. May it please the court, I have had a substantial conference with my client this morning and as of yesterday, and after a full conference with him he has authorized me to move the Court to withdraw his plea of not guilty to the indictment of murder and enter a plea of guilty to involuntary manslaughter which is an included count in the indictment.

\* \* \*

Mr. VAN ZEYL: [Assistant State's Attorney] Judge, in view of the representations which have just been made to the Court, the State at this time would move to reduce the charge in the indictment from murder to voluntary manslaughter.

THE COURT: All right. Sustained. All right. Now, Mr. Palmer, do you know what a jury trial is?

THE DEFENDANT: Yes, I do.

THE COURT: And you realize that when you withdraw your plea of not guilty to the reduced charge of manslaughter \* \* \*.

Mr. VAN ZEYL: Judge, this is voluntary.

THE COURT: Sorry.

Mr. CUSICK: I think the correction should also be made on the plea.

Mr. STARKE: We will change it accordingly.

THE COURT: In other words, the plea is to voluntary manslaughter.

When you withdraw your plea of not guilty and enter a plea of guilty, you automatically waive your right of trial by jury.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Now, on a plea of guilty to voluntary manslaughter, I could sentence you to the penitentiary for a term of not less than one year, nor more than twenty years.

Knowing this do you still persist in your plea of guilty?

THE DEFENDANT: Yes.

THE COURT: Now, has there been any coercion or force been used upon you to induce a plea of guilty?

THE DEFENDANT: No.

THE COURT: You do this voluntarily of your own free will?

THE DEFENDANT: Yes.

THE COURT: Now, you have had the advice of counsel and you are satisfied with your attorney?

THE DEFENDANT: That's right.

THE COURT: All right. I will take the plea."

Defendant argues first that the court erred in not determining before accepting the plea whether he understood the nature of the charge against him. In asserting this argument defendant relies upon *McCarthy v. United States* (1969), 394 U.S. 459, 89 S.Ct. 1166, and *People v. Washington* (1955), 5 Ill.2d 58.

We do not find defendant's argument based upon *People v. Washington, supra,* to be persuasive. In that case the defendant's conviction was reversed for the reason that he had been permitted to plead guilty to "Count One and Count Nine of the Indictment" without the court's determination on the record that he knew what offenses were charged by those counts or the penalties attached thereto.

■■ Examination of the opinion in *McCarthy v. United States, supra,* indicates that that decision was expressly based upon the court's construction of United States Supreme Court Rule 11 rather than constitutional grounds and is therefor not controlling here. Although, the Illinois Supreme Court has stated in *People v. Mims* (1969), 42 Ill.2d 441 that the reasoning of *McCarthy* is applicable to Supreme Court Rule 401 (Ill. Rev. Stat. 1967, ch. 110A, par. 401,) that rule does not require that the court state all of the acts which constitute the offense, but that it give its "essence, general character, kind or sort." *People v. Carter,* (1969), 107 Ill.App.2d 474, *cert. den.,* 397 U.S. 1008. See also *People v. Burdick* (1969), 117 Ill.App.2d 314.

■■ In the case at bar the court specifically asked defendant if, knowing that he could receive a sentence of one to twenty years on a plea of guilty to voluntary manslaughter, he wished to persist in his plea. Defendant's plea was accepted after an affirmative response to that question. We believe that defendant was properly apprised of the charge. See *People v. Kontopoulos* (1962), 26 Ill.2d 388 and *People v. Evans* (1970), 45 Ill.2d 265.

■■ Defendant also contends that the court erred in failing to warn him that by entering a plea of guilty he waived his privilege against self-incrimination and his right to confront his accusers. Defendant's argument on this point is premised on *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709. However, in *People v. Williams* (1970), 44 Ill.2d 334, *cert. den.,* 399 U.S. 914, the Supreme Court analyzed at length the ruling in *Boykin* and concluded that the constitutional principles there enunciated are inapplicable where the plea of guilty was entered prior to June 2, 1969. Because defendant entered his plea on May 6, 1969, the decision in

*Boykin* is not controlling here. See *People v. Plecko* (1970), 47 Ill.2d 301 and *People v. Moore* (1970), 47 Ill.2d 60.

The judgment is affirmed.

Judgment affirmed.

ENGLISH, P. J., and DRUCKER, J., concur.