THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BARRY WINTERSMITH, Defendant-Appellant.

(No. 56961; )

First District—December 13, 1972.

James J. Doherty, Public Defender, of Chicago, (George L. Lincoln, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Mark Zubor, and David Novoselsky, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

On November 17, 1971, Barry Wintersmith, hereafter called defendant, was convicted in the Circuit Court of Cook County of the crime of voluntary manslaughter. Defendant was charged by indictment with murder. After a conference, the State reduced the charge to voluntary manslaughter and the defendant entered a plea of guilty. The defendant was sentenced to a term of eight to fifteen years in the Illinois State Penitentiary. On appeal, the defendant argues his plea of guilty is void because the trial court did not, prior to accepting the plea, ascertain the defendant understood the nature of the charge.

The record reflects on the morning of November 17, 1971, the defendant requested a conference with the court. At the conference, which the defendant attended, the trial court was informed of the facts of the case and that the State was willing to reduce the charge to voluntary manslaughter while the defendant was willing to enter a plea of guilty to the charge and receive a sentence of eight to fifteen years. The court agreed. The defense attorney stated he had talked to his client who "understood what he did and he would plead guilty to voluntary manslaughter." The defendant replied that was correct.

After the conference the charge was reduced to voluntary manslaughter and the defendant entered a plea of guilty. The defendant stated he understood he was charged with murder and wished to enter a plea to the lesser included offense of voluntary manslaughter, knowing he could receive a sentence of one to twenty years. He knew he could have a bench or jury trial. He knew his plea was a waiver of the right to be confronted by the witnesses against him. The defendant was then asked if he was pleading guilty to voluntary manslaughter and replied in the affirmative.

■■ The present Supreme Court Rule 402 and the former Rule 401 both require that a defendant, prior to a plea of guilty, be informed of the nature of the charge. (Ill. Rev. Stat. 1969, ch. 110A, par. 401(b).) The present Rule 402 requires only substantial compliance with its provisions. (*People v. Reed*, 3 Ill.App.3d 293, 278 N.E.2d 524.) The Illinois Supreme Court has indicated a realistic approach to the construction of Rule 402. *People v. Mendoza*, 4 Ill.2d 371, 270 N.E.2d 30.

■■ The rule that a defendant must be informed of the nature of the charge does not require the court to recite all the facts therein. The admonishment of the crime by name has been held sufficient to apprise the defendant of the nature of the crime charged. (*People v. Wright*, 2 Ill.App.3d 304, 275 N.E.2d 735; *People v. Carter*, 107 Ill.App.2d 474, 246 N.E.2d 320.) In *Palmer v. Palmer*, 1 Ill.App.3d 492, 274 N.E.2d 910, the

defendant was charged with murder but pleaded guilty to voluntary manslaughter. On appeal, the defendant argued the trial judge erred in not determining whether he understood the nature of the charge prior to accepting the plea of guilty. In rejecting this argument, the court said:

> "In the case at bar, the court specifically asked the defendant if, knowing that he could receive a sentence of one to twenty years on a plea of guilty to voluntary manslaughter, he wished to persist in his plea. Defendant's plea was accepted after an affirmative response to that question. We believe that defendant was properly apprised of the charge."

■■ In the case at bar, the defendant affirmatively agreed when his attorney stated in conference that "he [defendant] understood what he did and he would plead to voluntary manslaughter." The defendant stated he understood he was charged with murder and he wished to enter a plea of guilty to the lesser included offense of voluntary manslaughter, knowing he could receive a sentence of one to twenty years. The defendant, after all the required warning, answered in the affirmative when asked if he was pleading guilty to the crime of voluntary manslaughter. We believe the defendant was properly apprised of the nature of the charge prior to his negotiated plea of guilty.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.