The People of the State of Illinois, Plaintiff-Appellee, v. William Alfred Lynch, Defendant-Appellant.

(No. 57577;

First District (4th Division)—April 18, 1973.

William E. Barrows, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Rick L. Petrone, and William D. Wolter, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The petitioner, William Lynch, was indicted for armed robbery, and at a jury trial in the Circuit Court of Cook County he was convicted of robbery and sentenced to nine to fifteen years in the State Penitentiary. This conviction was affirmed by the Appellate Court in *People v. Lynch* (1969), 111 Ill.App.2d 52.

On March 3, 1970, Lynch filed a *pro se* petition for post-conviction relief, amended by counsel on November 10, 1970, in which it was alleged the petitioner was denied the effective assistance of counsel in that his court-appointed counsel did nothing to prepare for trial; that he did not investigate the facts of the case; that he had only one brief conference with petitioner before trial; that he did not interview any witnesses before trial and refused to subpoena witnesses essential to petitioner's defense; and that because of his lack of preparation, counsel tried to talk petitioner into taking a bench trial, and also tried to persuade petitioner to plead guilty.

On February 5, 1971, the State filed a motion to dismiss the petition stating the petitioner's allegations failed to raise any constitutional questions within the purview of the Illinois Post-Conviction Hearing Act; the allegations are merely bare allegations; and the doctrine of *res judicata* precluded the petitioner from obtaining relief. The State's motion was sustained and the petitioner appeals from that judgment.

The sole issue on appeal is whether the petitioner is entitled to an evidentiary hearing on the basis of his allegations concerning the incompetence of his court-appointed counsel.

The petitioner argues he was denied effective assistance of counsel in the trial court and that this issue can be raised in a proceeding under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat., ch. 38, art. 122). In *People v. Morris* (1954), 3 Ill.2d 437, the court held that evidence of incompetency of court-appointed trial counsel may be received by affidavits, depositions, oral testimony, or other evidence which relates to an alleged deprivation of a constitutional right.

The petitioner concedes that a mere allegation of incompetency is not

sufficient to invoke the act but maintains his allegations were sufficiently specific to necessitate an evidentiary hearing.

■■ In *People v. Morris* (1969), 43 Ill.2d 124, the Illinois Supreme Court specified the requirements a petitioner must meet under the act: "The Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, Ch. 38, par. 122—2) requires that a petition be accompanied by affidavits, records or other evidence in support of its allegations or by a statement of the reasons for their absence. Unsupported conclusionary statements in a petition are not sufficient to require a post-conviction hearing under the Act. (People v. Arbuckle, 42 Ill.2d 177; People v. Collins, 39 Ill.2d 286; People v. Ashley, 34 Ill.2d 402.)"

■■ In the instant case, there were no affidavits or evidence of any kind to support the petitioner's allegations. We hold that petitioner's bare statements are conclusionary and insufficient to require an evidentiary hearing under the act.

■■ Neither do the allegations meet the test for establishing the incompetency of a court-appointed counsel set forth in *People v. Morris* (1954), 3 Ill.2d 437, where the court held that in order to show a deprivation of a constitutional right to counsel the petitioner "must clearly establish: (1) actual incompetency of counsel, as reflected by the manner of carrying out his duties as a trial attorney; and (2) substantial prejudice resulting therefrom, without which the outcome would probably have been different."

In the case at bar there has been no showing the outcome would have been different even if those things complained of had been performed to his satisfaction.

■■ Finally, it is well settled that the doctrine of *res judicata* includes issues which might have been raised on direct appeal but were not. (*People v. Derengowski* (1970), 44 Ill.2d 476; *People v. Price* (1970), 44 Ill.2d 332.) Following his conviction the petitioner filed a timely appeal in which he could have included the allegations which form the basis of this appeal. He is, therefore, deemed to have waived his present contention.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and ADESKO, J., concur.