THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* PEDRO CARRION, Petitioner-Appellant.

(No. 59123;

First District (2nd Division)—June 28, 1974.

James J. Doherty, Public Defender, of Chicago (Harold A. Cowen, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM:

Pedro Carrion, petitioner, was charged by indictment with the crime of murder in violation of section 9—1 of the Criminal Code (Ill. Rev. Stat. 1963, ch. 38, par. 9—1). On September 7, 1966, petitioner, then aged 65, entered a plea of guilty to the indictment and was sentenced to a term of 14 to 20 years. There was no appeal. On May 10, 1972, petitioner filed a *pro se* petition under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) alleging a violation of his constitutional rights. The public defender was appointed to represent petitioner. Upon motion of the State, petitioner's post-conviction petition was dismissed without an evidentiary hearing by the same trial judge who had accepted the plea of guilty. In dismissing the petition, the judge said: "* * * before I took the plea I was convinced that he knew what he was doing and that he was guilty of the crime charged." Petitioner appeals that dismissal.

Petitioner's first contention is that he was entitled to an evidentiary hearing on the allegation in his post-conviction petition that the admonishments given him prior to the entry of his plea of guilty on September 7, 1966, were inadequate. The transcript of petitioner's plea of guilty demonstrates that petitioner was represented by private court-appointed counsel who informed the trial judge that petitioner wished to withdraw his previously entered plea of not guilty and enter a plea of guilty. Counsel then stated that petitioner wished to personally relate how the incident had occurred. The trial judge immediately told counsel of his particular interest in finding out from petitioner what petitioner's condition of sobriety had been at the time of the incident. Under questioning by his counsel through an interpreter, petitioner stated the facts surrounding the killing, including the fact that, on the morning of the killing (which occurred in midafternoon by knifing), he had consumed 2 quarts of beer and almost a half-pint of brandy. Thereafter, petitioner was specifically admonished that he had a right to a jury trial or a bench trial; that there had been a pretrial conference with the judge; that upon his plea of guilty he could be sentenced to a minimum term of 14 years and a maximum term of any number of years in excess of 14. Petitioner was informed that, if he were tried by a jury trial or a bench trial, he could be found guilty of voluntary or involuntary manslaughter and be sentenced to a lesser number of years. After these admonishments, petitioner stated that he wished to enter a plea of guilty to the charge of murder.

In 1966, the Supreme Court Rule governing pleas of guilty was Rule 26(3) (Ill. Rev. Stat. 1965, ch. 110, par. 101.26(3)), which stated:

> "(3) The court shall not permit a plea of guilty or waiver of indictment or of counsel, by any person accused of a crime for

which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court at the time waiver is sought to be made or plea of guilty entered, or both, as the case may be, that the accused understands he has a right to be held to answer for the offense on indictment by a grand jury and has understandingly waived that right and consented to his prosecution by information, that he understands the nature of the charge against him, and the consequences thereof if found guilty, and understands he has a right to counsel, and understandingly waives that right. The inquiries of the court, and the answers of the accused to determine whether he understands his rights to be indicted by a grand jury and to be represented by counsel and comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law, shall be taken and transcribed and filed in the case. The transcript, when filed, becomes a part of the common law record in the case."

■■ This court has held that this Rule has been complied with where the defendant was informed of the consequences of his plea and the maximum and minimum penalties as provided by law. *People v. Castillo*, 130 Ill.App.2d 329, 264 N.E.2d 395.

Under Supreme Court Rule 401(b), a defendant need not be informed of the privilege against self-incrimination and the right to confront his accusers. (*People v. Harris*, 50 Ill.2d 31, 276 N.E.2d 327.) The fact that defendant was not specifically informed that he was charged in a two-count indictment does not vitiate his plea of guilty. Defendant was pleading guilty only to one count charging murder and was sentenced only on one count charging murder. He was therefore in no way prejudiced. (*People v. Blumenthal*, 1 Ill.App.3d 189, 273 N.E.2d 668.) Defendant was specifically informed that he was charged with murder. The statement of the offense by name has been held sufficient to apprise the defendant as to the nature of the charge. (*People v. Palmer*, 1 Ill.App.3d 492, 274 N.E.2d 910.) Moreover, our review of the record fails to reveal any evidence by defendant that his plea was the result of any force, threat or promises.

■■ In the case at bar, the trial judge advised the defendant that he had a right to a trial by jury or a bench trial and that in such a trial, he could be found guilty of murder, voluntary manslaughter or involuntary manslaughter. He was specifically advised as to the possible penalties of the crime of murder and told that there were lesser penalties for manslaughter. He was advised that by entering a plea of guilty he would not

get a trial of any type. These admonitions were sufficient to comply with Supreme Court Rule 401(b).

██ Petitioner argues that his fifth amendment privilege against self-incrimination was violated by the procedure used in his plea of guilty. Petitioner entered a plea of guilty only after a pretrial conference with the court, of the occurrence of which petitioner knew. Petitioner's appointed counsel, in petitioner's presence, informed the trial judge that petitioner wished to enter a plea of guilty. Counsel further advised the trial judge that petitioner wished to personally relate the facts as they occurred during the incident to the trial court. Petitioner then, under questioning by his own counsel, stated how the incident occurred. Petitioner was represented by counsel, had indicated a desire to enter a plea of guilty, and is not shown by the record to have been in any manner forced or coerced into testifying, but voluntarily did so under questioning by his own counsel. Under those circumstances, petitioner's privilege against self-incrimination was not violated.

In this regard, petitioner also argues that his plea of guilty was not voluntarily or understandingly entered because the plea preceded the admonishments, the trial judge stated in advance that he was convinced of petitioner's guilt, and the trial judge never inquired of petitioner if he understood the nature of murder as contrasted to manslaughter.

To determine whether a plea of guilty is understandingly and voluntarily entered, courts of review will look to the entire record in a practical and realistic manner. (*People v. Domico,* 15 Ill.2d 590, 155 N.E.2d 591; *People v. Plecko,* 46 Ill.2d 301, 263 N.E.2d 66; *People v. Williams,* 133 Ill.App.2d 214, 272 N.E.2d 775.) In accepting a plea of guilty, a trial judge need not use specific words or a defined formula to discharge his duties and accomplish justice. (*People v. Wooley,* 133 Ill.App.2d 571, 273 N.E.2d 718.) Here, petitioner was represented by counsel who informed the court that petitioner wished to enter a plea of guilty. Thereafter, petitioner, through questioning by his own counsel, made certain statements relating to the offense. This procedure does not in any way demonstrate that petitioner's plea of guilty was not knowingly and understandingly entered.

Petitioner next urges that the trial judge stated in advance that he was convinced of petitioner's guilt.. This argument is not supported by the records of petitioner's plea of guilty. During the plea of guilty, the trial judge carefully admonished petitioner that he had a right to a trial by jury or a right to a bench trial and that, in either such trial, he could be found guilty of voluntary or involuntary manslaughter and be sentenced to a lesser term of years. Petitioner stated that he understood

that he was entering a plea of guilty to the charge of murder and was doing so voluntarily.

It is apparent from the post-conviction petition that petitioner has come to believe that his state of intoxication at the time of the homicide made it impossible for him to have been proved guilty of any offense other than manslaughter so that, had he been properly admonished and competently represented, he would never have pleaded guilty to murder. It is equally apparent from the report of proceedings at the hearing on the change of plea that his own recital of the relevant facts shows a homicide which might, arguably, have been manslaughter but which the trial judge was satisfied presented a factual basis for the offense of murder because of petitioner's memory of carrying the hunting knife to the hairdresser's shop and of the sequence of events in the shop, including hitting the hairdresser with the knife once or twice.

■■■ Petitioner urges that the trial judge, prior to accepting his plea of guilty, did not ascertain if he understood the nature of murder as contrasted to manslaughter. The rule that a defendant must be informed of the nature of the charge against him does not require a recitation of all of the facts and elements of the charge. (*People v. Tennyson*, 9 Ill.App.3d 329, 292 N.E.2d 223.) The admonishment of the crime by name has been held sufficient to apprise the defendant of the nature of the crime charged. (*People v. Wright*, 2 Ill.App.3d 304, 275 N.E.2d 735; *People v. Palmer*, 1 Ill.App.3d 492, 274 N.E.2d 910.) Here, petitioner was specifically admonished by the trial judge that he had a right to a trial by jury or a bench trial, that at such a trial he could be found guilty of either voluntary or involuntary manslaughter and be sentenced to a lesser term of years and of the possible penalties for the crime of murder. After all these admonishments, petitioner persisted in his plea of guilty which was then accepted. The transcript of petitioner's plea of guilty clearly demonstrates that the plea was voluntarily and understandingly entered after the trial court made diligent inquiry and had given petitioner adequate warnings of the consequences of the plea of guilty. (*People v. Washington*, 5 Ill.2d 58, 124 N.E.2d 890.) From the totality of the record, we conclude that petitioner's plea of guilty was understandingly entered in 1966 and that the allegations of his post-conviction petition relating to that matter and as "supported" by the record were insufficient to require an evidentiary hearing.

■■ Petitioner's second contention is that he was entitled to an evidentiary hearing on the allegation in his post-conviction petition that his trial counsel was incompetent. In order to require a hearing, a post-conviction petition must make a substantial showing that the defendant's constitutional rights have been violated. (*People v. Ashley*, 34 Ill.2d 402,

216 N.E.2d 126.) Where the allegation of incompetency of counsel is made, petitioner must establish actual incompetence of counsel as reflected in the manner of carrying out his duties as trial counsel, and substantial prejudice resulting therefrom without which the outcome would probably have been different. (*People v. Lynch*, 11 Ill.App.3d 479, 297 N.E.2d 382.) The claim of prejudice cannot be based upon mere conjecture.

■■ In the case at bar, petitioner's allegations of incompetency of counsel were bare allegations. Petitioner did not supply the trial court with any affidavits, depositions or other evidence to support his statement, other than his own affidavit attesting to the statements made in his post-conviction petition. Petitioner has failed to demonstrate actual incompetence of counsel and has failed to show any substantial prejudice resulting therefrom without which the outcome would probably have been different. Petitioner's allegation of incompetency of trial counsel was insufficient to require a hearing under the Post-Conviction Act and the petition was properly dismissed by the trial court. *People v. Smith*, 40 Ill.2d 562, 241 N.E.2d 413.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.