THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Respondent-Appellee, *v.* JOHN HOPPOCK, Defendant and Petitioner-Appellant.

Third District    No. 80-616

Opinion filed July 30, 1981.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The petitioner, John Hoppock, appeals from the dismissal, without an evidentiary hearing and without leave to amend, of his petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*) or, alternatively, for relief from judgment under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72). Accompanying this petition, was a petition for appointment of counsel. The Post-Conviction Hearing Act, by its terms, does not apply to misdemeanants. However, our supreme court, in the exercise of its supervisory jurisdiction, directed that a misdemeanant may institute a proceeding in the nature of a proceeding under the Post-Conviction Hearing Act. *People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164.

The petitioner was convicted of resisting arrest, and we affirmed that conviction in *People v. Hoppock* (1981), 98 Ill. App. 3d 58, 423 N.E.2d 1351. The petitioner maintains that the instant petition was filed *pro se*, accompanied by a petition for appointment of counsel. A motion for leave to amend the petition was filed by the appellate defender upon the

latter's appointment. The State contends that the appellate defender represented the defendant at the time the petition was filed and that the petition should, therefore, not be considered *pro se*. The appellate defender contends that, prior to the State's motion to dismiss the instant petition, he was appointed only for the purpose of appealing petitioner's conviction. The appellate defender acknowledges having briefly discussed with the petitioner the possibility of post-conviction relief. However, the appellate defender claims that he did not advise the petitioner as to the form and content of the petition, as this was beyond the authority of his appointment. The court was displeased with the appellate defender's limited action, but indicated that there was no inexcusable lack of diligence by counsel. It is clear from a reading of the petition that it was prepared *pro se*. Therefore, we shall not hold petitioner to the strict standards of a counseled petition. *People v. Cook* (1973), 11 Ill. App. 3d 216, 218, 296 N.E.2d 612.

■■ The petition asserts three grounds for relief. Petitioner claims that he was denied a fair trial because his physician, Dr. Johnson, was not allowed to testify with the jury present. As the admissibility of Dr. Johnson's testimony was a matter of record, which should have been, and was in fact, raised on appeal (see *People v. Hoppock* (1981), 98 Ill. App. 3d 58, 423 N.E.2d 1351), the issue is not a proper one for collateral relief, as petitioner's counsel acknowledges. The dismissal of this claim was proper.

The petitioner also claims that certain named subpoenaed witnesses did not testify for him because the witnesses were told by someone from the State's Attorney's office that they would not be able to testify on defendant's behalf and should go home. His final claim is that he has discovered new witnesses who will testify that he was the victim of an unprovoked attack by the plain clothes officers, whom he was convicted of resisting.

The petitioner acknowledges that his petition was formally defective. No affidavits or statements in lieu thereof were attached verifying the claims. (See Ill. Rev. Stat. 1979, ch. 38, par. 122—1; ch. 110, par. 72(2).) The petition lacked certain information about prior proceedings. The petition stated only conclusionary allegations. *People v. Graham* (1977), 48 Ill. App. 3d 689, 692, 363 N.E.2d 124.

The court indicated that it would have granted leave to file an entirely new petition, but was precluded from doing so by the time limitations imposed by *People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164. The court found that amendment of the claims asserted would still not enable defendant's petition for relief to survive a motion to dismiss. Accordingly, the State's motion to dismiss was granted.

■■ The State contends that even if defendant's petition was considered a

*pro se* petition, dismissal without an evidentiary hearing was proper. It was pointed out that dismissal of *pro se* petitions without evidentiary hearings are permitted where a defendant's *pro se* petition consists of mere allegations without supporting affidavits. (*People v. Carrion* (1974), 21 Ill. App. 3d 195, 201, 315 N.E.2d 251, 255; *People v. Newberry* (1973), 55 Ill. 2d 74, 302 N.E.2d 34.) Defendant's petition in the instant case was, as contended by appellee, defective in failing to include affidavits in support of defendant's allegations. This was true both as to the contention relating to the witnesses who were described by the defendant as "subpoenaed witnesses" and the witnesses who were presumably to present newly discovered evidence. No affidavits support these contentions.

For the reasons stated, the trial court properly denied defendant's petition without an evidentiary hearing.

The judgment of the Circuit Court of Knox County is, therefore, affirmed.

Affirmed.

SCOTT, P. J., and BARRY, J., concur.